UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**REGINALD ROBINSON,**

    **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____/

Case No. 05-74384

HONORABLE DENISE PAGE HOOD

### ORDER ACCEPTING REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation ("R&R") dated December 15, 2006. Defendant filed a timely objection to the Report and Recommendation on December 29, 2006.

**II.    STATEMENT OF FACTS**

On May 29, 2001, Plaintiff applied for Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits. (Tr. 35-37). Plaintiff alleges that his disability began on December 2, 2000, which was amended to May 11, 2001. (Tr. 12, 349, 367, 380). Plaintiff alleges he was disabled due to an enlarged heart, cardiomyopathy and high blood pressure. The Social Security Administration ("SSA") denied Plaintiff's application on March 13, 2002. (Tr. 26-30, 352-56). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") that took place on February 10, 2004. (Tr. 31).

On January 27, 2005, the ALJ denied Plaintiff's challenge. (Tr. 9-24). The ALJ concluded that Plaintiff is not "disabled" within the meaning of the Social Security Act. (Tr. 13-18). The ALJ found that:

> plaintiff had congestive heart failure with mitral valve replacement, right femoral neuropathy, and obesity, and that his impairments were "severe" within the meaning of 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), but that he did not have an impairment that met or medically equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations.

(R&R at 2). The ALJ also concluded that Plaintiff retained the ability to perform a range of sedentary work and there are a significant number of sedentary jobs in the regional economy that he can perform.

On March 22, 2005, Plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 8). On October 4, 2005, the council denied the request. (Tr. 5-7).

On November 16, 2005, Plaintiff filed this suit against the SSA's Commissioner pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) challenging the denial of Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits by the SSA. On February 7, 2006, Plaintiff filed a Motion for Summary Judgment. Defendant filed a Motion for Summary Judgment on May 3, 2006. The Magistrate Judge granted Plaintiff's Motion for Summary Judgment in part and denied it in part. (R&R at 1, 16). The Magistrate Judge also granted Defendant's Motion for Summary Judgment in part and denied it in part. *Id*. The Magistrate Judge recommended remanding the matter to the Commissioner for further proceedings. *Id*.

## III.   STANDARD OF REVIEW

### A.   Report and Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved the right to appeal the Magistrate Judge's recommendation, the parties were obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 721(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B. Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates that there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1990); *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). However, as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof on trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

3

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F.Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III. APPLICABLE LAW AND ANALYSIS

Plaintiff must satisfy a five-step evaluation process in order to be eligible for benefits. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). He must show that he (1) is not engaged in substantial gainful activity; (2) has a "severe impairment"; (3) can meet a listed impairment and has been or can be expected to be "disabled" for twelve continuous months; and (4) is incapable of performing work that he has done in the past if he cannot meet a listed impairment. Once these four criteria are satisfied, the burden shifts to the Commissioner to demonstrate that other work can be performed based on applicant's age, education, past work experience, and residual functional capacity ("RFC"). *Id*.

"Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive as long as they are supported by substantial evidence." *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept.'" *Id.*; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)(quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Plaintiff contends that (1) the ALJ erred in concluding that Plaintiff's heart ailment did not meet the requirements of listing 4.04B, 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 4.04B; (2) the

4

ALJ erred in assessing Plaintiff's credibility (Tr. 3).; and (3) the ALJ's RFC assessment and determination that Plaintiff can perform sedentary work that exists in Michigan is incorrect.

As to Plaintiff's first claim, *Hicks v. Commissioner of Social Security* states that, "for a claimant to show that his impairment matches a listing, it must meet all of the specified criteria." 105 Fed.Appx. 757, 761 (6th Cir.)(quoting *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990)).  Listing 4.04(B) requires a showing of myocardial ischemia and that exercise testing would pose a significant risk of harm.  There is nothing in the record that shows that Plaintiff has ever experienced chest discomfort associated with myocardial ischemia.  There is also no medical evidence demonstrating that exercise would pose significant harm to Plaintiff. Indeed, Plaintiff underwent two exercise tests without any indices of significant harm. (Tr. 209, 221).  Dr. Mark O. Faber, a consulting physician, found that listing 4.02, the listing for chronic heart failure, was the most appropriate listing relative to Plaintiff, however, he concluded that Plaintiff did not meet the requirements of this listing.  Dr. Farber did not find listing 4.04B to be worthy of consideration.  (Tr. 341).  The Magistrate Judge correctly concluded that there is substantial evidence in the record to support the conclusion that Plaintiff is unable to meet the requirements of 4.04B.

As to Plaintiff's second claim, *Walters v. Commissioner of Social Sec*. states, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimants' testimony, and other evidence."  127 F.3d 525, 531 (6th Cir. 1997).  Plaintiff testified that his most significant problem was unrelenting fatigue, which requires him to sleep and lay down frequently, however the ALJ found that Plaintiff's "subjective complaints and allegations concerning the severity of his impairments are not reasonably consistent with the objective medical and other evidence of record."  (Tr. 14, 370-

372, 373).  Plaintiff complained to Dr. Lillian Lai on two occasions, March 18, 2003 and May 18, 2003, that he was feeling perpetually tired, however, the Magistrate Judge found that there is nothing in Dr. Lai's notes regarding the severity of Plaintiff's fatigue.  (R&R at 8).  Similarly, none of Plaintiff's other treating physicians take note of severe fatigue, nor are there recommendations that Plaintiff lie down or rest.  The Magistrate Judge correctly concluded that "[w]hile plaintiff's complaints of fatigue may well have been genuine at the time of the hearing, the court cannot say that the ALJ erred in rejecting that portion of plaintiff's testimony."  (R&R at 8).  The Magistrate Judge correctly concluded that the ALJ did not err in assessing Plaintiff's credibility.

     Plaintiff also challenges the ALJ's RFC assessment and determination that he is capable of doing sedentary work that exists in Michigan.  Plaintiff argues that proper weight was not given to his treating physicians who indicated that Plaintiff could only lift less than ten pounds and that he was limited to walking and/or standing less than two hours and sitting less than six hours in an eight-hour workday.  (Tr. 249-51, 253-55).  The Magistrate Judge correctly dismissed this argument on the basis of the finding that neither of Plaintiff's treating physicians provided specific explanations for their findings that Plaintiff could not sit for six hours out of an eight-hour workday.  (R&R at 12).  There is nothing in the record that substantiates the treating physicians' findings.  *Id*. at 13.  Furthermore, three consulting physicians who examined Plaintiff contradicted the treating physicians' findings and found that Plaintiff could meet the sitting requirements of sedentary work.  (Tr. 245, 214, 346).  For these reasons, the Magistrate Judge correctly concluded that substantial evidence supported the ALJ's assessment of Plaintiff's sitting restrictions.

Aside from sitting restrictions, the Magistrate Judge correctly concluded that "the ALJ failed to give appropriate consideration to evidence indicating that Plaintiff had postural limitations that may affect his ability to perform unskilled, sedentary work." (R&R at 14). Taken together, four physicians and an unidentified consultant agreed that Plaintiff has postural limitations, including limited ability to climb, balance, kneel, crouch, crawl, and stoop. (Tr. 215, 245, 250, 254, 346). One of Plaintiff's treating physicians recommended that he should never climb, and can occasionally balance, kneel, crouch, crawl and stoop. (Tr. 245). The ALJ's omission is significant in light of SSR-96-9p, which provides that "unskilled, sedentary work may require the performance of at least some of these postural activities, and an inability or limited ability to perform such activities may substantially reduce the occupation base." (R&R at 15). It was error, which the Magistrate Judge correctly concluded is not harmless error, for the ALJ to fail to include such limitations in the RFC assessment or the hypothetical he posed to the Vocational Expert ("VE"). The Magistrate Judge also correctly reasoned that had the ALJ included postural limitations in the hypothetical he posed to the VE, this might have altered the number and type of jobs falling within Plaintiff's RFC, such that a finding that Plaintiff is disabled might be warranted.

In Defendant's Objections to the Magistrate Judge's Report and Recommendation, Defendant argues that the Magistrate Judge failed to consider Social Security Ruling 96-6P, which provides, "postural limitations…would not usually erode the occupational base for a full range of sedentary work because those activities are not usually required in sedentary work." In line with the Magistrate Judge's findings, this issue cannot be decided on the present record. This matter must be remanded to the Commissioner pursuant to sentence four of § 405(g) for further proceedings. Specifically, "[t]he ALJ must determine the extent of Plaintiff's postural

7

limitations, provide an explanation as to the decision reached, and obtain additional testimony from a VE to determine whether there are jobs plaintiff can perform with the addition of postural limitations." (R&R at 16).

The Court notes that the Supreme Court only recognizes two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Id.* at 100. The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984).

The Court finds that remand, pursuant to sentence six, is appropriate because the Administrative Law Judge applied an erroneous principle of law by failing to consider certain evidence.[1] Because the Court is not reviewing the substantive merits of this case at this time,

---

[1] The Court notes that Magistrate Judge Morgan found a remand pursuant to sentence four appropriate, however, in light of the fact that the remand in the instant case is for the ALJ to

8

under § 405(g), sentence six, a judgment is not required. *Schaefer v. Shalala*, 509 U.S. 292, 301 (1993).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Virginia M. Morgan dated December 18, 2006, is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Objections to Magistrate's Report and Recommendation is **DENIED**.

IT IS FURTHER ORDERED that this matter is CLOSED and REMANDED back to the Commissioner for further proceedings and findings consistent with this Order and the Magistrate Judge's Report and Recommendation. After a hearing and additional findings have been made, either party may move to reopen this action, and the Commissioner shall thereafter file with the Court any additional evidence and findings and decision, including any additional record pursuant to 42 U.S.C. § 405(g). The matter will then be referred to the Magistrate Judge for a

---

determine the extent of Plaintiff's postural limitations and incorporate these findings into the decision, a remand pursuant to sentence six is proper. *See Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 175 (6th Cir. 1994)

Report and Recommendation on the additional findings, if any.  The Court will then issue its decision and Judgment on the matter.

                                                                      /s/ Denise Page Hood

DATED: February 28, 2007                        DENISE PAGE HOOD
                                          United States District Judge

      I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2007, by electronic and/or ordinary mail.

                                          S/William F. Lewis
                                          Case Manager